UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| UNITED STATES OF AMERICA, | CIVIL ACTION NO.: |
| Plaintiff, | HONORABLE: |
| vs. | |
| DIONNE WALLER<br>AKA DIONNE W. WALLER, | |
| Defendant, | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant entered into and signed a Guaranteed Student Loan Promissory Note in Wayne County, Michigan within the jurisdiction of this Court, to borrow money from the United States of America, a copy of the Promissory Note is attached hereto as Exhibit "A".

3. The defendant is a resident of Cook County, Illinois and may be served with service of process at 1324 W. 92nd St., Apt. #2, Chicago, IL 60620.

### The Debt – Account No. 1999A13557

4. The debt owed to the United States of America is as follows:

| | | |
|---|---|---|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,792.99 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $519.66 |
| C. | Administrative Fee, Costs, Penalties | $0.01 |

    D.  Accrued Capitalized Interest since March 26, 1999    $2,143.82

**Total Owed**    **$5,456.48**

The Certificate of Indebtedness, attached as Exhibit "B", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### Failure to Pay

5.    Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

    A.    For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

    B.    For attorney's fees to the extent allowed by law;

    C.    Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

    D.    For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

**WARNING:** Any person who knowingly makes a false statement or misrepresentation on this form is subject to penalties which may include fines or imprisonment under the United States Criminal Code and 20 USC 1097.

AG- X-000026-

## SECTION I — TO BE COMPLETED BY THE STUDENT — READ THE INSTRUCTIONS — TYPE OR PRINT IN INK

**1. Social Security Number:** —4723

**2. Last Name, First, Middle Initial, Permanent Home Address:**
WALLER, DIONNE W.
19435 ROSEMONT AVE.
Detroit, MI. 48219

**3. Birthdate:**

**4. Driver's License:** State N/A Number NONE

**5. Area Code/Telephone N:** 313 532-9253

**6. U.S. Citizenship Status:** ☑ 1 Citizen ☐ 2 Eligible Non-Citizen  Alien ID Number

**7. References** — You must provide 3 separate adult references with different addresses. If your Lender requires a cosigner, make the cosigner your first reference.

| | Reference 1 | Reference 2 | Reference 3 |
|---|---|---|---|
| Name | Jacqueline M. Cosby (Parent) | Mike Johnson | Barbara Alexandra |
| Street Address | 19435 Rosemont | Karen Apt. #11 | 27400 Franklin #15 |
| City, State, Zip | Det. MI. 48219 | Detroit, MI. 48219 | Southfield, MI. 48 |
| Telephone | (313) 532-9253 | (313) 533-4788 | (313) 853-2676 |
| Employer | Ford Motor Company | Mazda Motor Co. | Henry Ford High School |

**8. Intended Enrollment Status:** ☑ 1 Full-time ☐ 2 At least half-time

**9. Major Course of Study:** 15

**10. Requested Loan Amount:** 2625.00

**11. Loan Period For this Loan:** From 2/92 To 9/

**12. Have you ever defaulted on an education loan?** ☐ Yes ☑ No

**13. Do you have any unpaid Stafford Loans or a Consolidation Loan with a Stafford portion?** ☐ Yes ☑

**13A. Total unpaid balance of your most recent Stafford Loan:** 0 .00
**13B. Use chart provided in instructions:** 0
**13C. Grade level of your most recent Stafford Loan:** 0
**13D. Beginning and ending dates of your most recent Stafford Loan:** From — To —
**13E. Total unpaid balance of all your Stafford Loans or any portion of your Stafford Loans included in a Consolidation Loan:** 0 .00

**14. Do you have any outstanding Stafford, PLUS or SLS Loans made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans for enrollment periods beginning before such date?** ☐ Yes ☑ No

**15. Name and Address of Previous Lender, if any:** none

SEE INSTRUCTIONS ON THE FRONT OF THE BOOKLET FOR ITEM 16.

**16. PERMANENT RESIDENT OF /MI/ SINCE MONTH /8/ YEAR /80/**

This application has been electronically transmitted by Wh1[signature]

### Promissory Note for a Stafford Loan

**I. Promise To Pay.** I, the undersigned Borrower, promise to pay you or your order when this Note becomes due a sum certain equal to the loan amount I have requested in Section I, Item 10 of this Application, or any lesser amount which will be disclosed to me in the Notice of Loan Guarantee and Disclosure Statement or the amount advanced to me, plus interest and any other charges which may become due as provided in Paragraph VI. My signature certifies I have read, understand and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side and the legally required information highlighted in the Application Booklet.

**Notice to Student:** Terms of the Promissory Note continue on the reverse side. Retain Copy D for your records.

I understand this is a Promissory Note. I will not sign this Promissory Note without reading it, including the writing on the reverse side, even if otherwise advised. Borrower, I am entitled to an exact copy of this Promissory Note, the Notice of Guarantee and Disclosure Statement and any agreement I sign. By signing this Promissory Note I, the Borrower, acknowledge I have received an exact copy of this.

**20A.** X Dionne W. Waller — Signature of Student Borrower — Date 02/1/92

## SECTION II — TO BE COMPLETED BY THE SCHOOL

**21. Name and Address of School:**
MICHIGAN COMPUTER INSTI[TUTE]
20755 GREENFIELD
SOUTHFIELD, MI 48075

**EXHIBIT A** (tabbies)

**22. School Code:** 023267
**23. Area Code/Telephone Number:** 313-443-5400
**24. Gra[de] Co[de]:**
**25. Anticipated Completion Date:** 9/92
**26. Enrollment Period Covered by Loan:** 2/18/92 — 9/30

**27. Family Adjusted Gross Income:** 2500.00
**28. Estimated Cost of Attendance for Loan Period:** 10939.00
**29. Estimated Financial Aid for Loan Period:** 2460.00
**30. Expected Family Contribution:** 1200.00
**31. Difference (28 minus the sum of 29 and 30):** 7153[?]
**32. Reduced Stafford Eligibility:** .00
**33. Recommended Disbursement Date(s):** 3-11-92 / 5-5-92

**34.** I have read and understand the terms of the SCHOOL CERTIFICATION printed on the back of the Application.
Signature of Financial Aid Officer: Pauline Jackson
Type or Print Name and Title: Pauline Jackson, Chief FAO
Date: 2-17

## SECTION III — TO BE COMPLETED BY THE LENDER

**36. Name, City and State of Lending Institution:**
Michigan Direct Student Loan
P.O. Box 30051
Lansing, MI. 48909

**37. Lender Code:** 825585
**38. Area Code/Telephone Number:**
**39. Loan Amount Appr[oved]:**
**40. Interest Rate:** 8 %
**41. Anticipated Disbursement Date(s):** 4/8/92 / 5/5/92
**42. Fee:**

**43. Authorized Lending Officer:** [signature] 000164-3
Type or Print Name and Title:
Date: 4/8/92

**44. For Lender Use Only:** 2/1/92 LENDER COPY

USA Funds Form 115C (2/91) B-3

## Additional Terms of the Promissory Note for a Stafford Loan

In this Note the words I, me, and my mean the Borrower identified in Item 2 of Section 1 of the Application and any Cosigner of this Note. You, your and yours mean the Lender and any other Holder of the Note. I hereby give you or the Guarantor the authority to complete any incomplete blanks on this Note.

**II. Date Note Comes Due.** I will repay this loan 1) in periodic installments beginning no later than the end of my grace period as disclosed to me in the Notice of Loan Guarantee and Disclosure Statement; or 2) in full immediately if I fail to enroll at and attend the school which certified this Application for the academic period intended, in which case I will not be eligible for a grace period. During the grace period I may request that repayment may begin before my grace period ends.

**III. Interest.** I agree to pay an amount equivalent to simple interest on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. However, the U.S. Secretary of Education (hereinafter the "Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Title IV, Part B of the Higher Education Act (hereinafter the "Act"). In the event that the interest on this loan is payable by the Secretary, neither you or any other Holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. Once the repayment status begins, I will be responsible for payment of all interest which accrues on this loan. The Secretary will pay the interest that accrues during any period described under Deferment in this Promissory Note. The interest rate will be determined according to the following: (a) if I have an outstanding Stafford Loan(s) on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the most recent Stafford Loan(s); (b) if I have no outstanding Stafford Loan(s) but I do have an outstanding balance on any PLUS or Supplemental Loans for Students (SLS) made for enrollment periods beginning before July 1, 1988 or a Consolidation Loan which repaid loans made for enrollment period(s) beginning before such date, the applicable interest rate on this loan will be 8%; (c) Otherwise, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. The applicable interest rate will be identified on the Notice of Loan Guarantee and Disclosure Statement. I may also receive rebates of interest, if required by the Act, when the applicable interest rate is 10%. You may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of the Guarantor. All payments will be made to your address as specified on the Notice of Loan Guarantee and Disclosure Statement or to any other address of which you notify me.

**IV. Origination and Guarantee Fees.** I will pay to you an origination fee not to exceed the percentage of the loan amount that is authorized by federal law. You will deduct this fee proportionately from each disbursement of principal of this loan. I will also pay you an amount equal to the guarantee fee that you are required to pay to the Guarantor for this loan. I am entitled to a refund of the origination and guarantee fees paid in respect to this Note if I pay back this Note in full within 120 days of disbursement or if I return the uncashed loan check to you. The amount of the origination and guarantee fees will be disclosed to me on the Notice of Loan Guarantee and Disclosure Statement.

**V. Default.** I will be in default and you have the right to give me notice that the whole outstanding principal balance plus any unpaid interest I owe is due and payable at once if I fail to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Gu... intend to honor the obligation to re loan repayable in monthly installm installments. After sending such not to take the outstanding balance out not prohibited by law, but not out c have a right to take because of any still be required to pay interest on th of default. You or the Guarantor ma the information about the default, following federal programs: Pell Gr nity Grant, College Work-Study, Stu Supplemental Loans for Students solidation Loan. A default also make for as described under Deferment. loan is referred for collection to an

**VI. Late Charges and Collection Costs.** If any payment has not reached you within 10 days after its due date or if I fail to provide written evidence which verifies my eligibility to have the amount deferred as described under Deferment, Paragraph VIII, you may, if permitted by law, bill me for a late charge at the maximum rate permitted which shall not exceed six cents for each dollar of each late installment. If I fail to pay any amounts when they are due, I will pay all charges and other collection costs including the statutorily authorized fees of an outside attorney and court costs that are permitted by federal law and regulations for the collection of this loan, which you incur in collecting this loan. In case of accounts brought into repayment status as a result of the Guarantor performing supplemental preclaims assistance in accordance with §428(c)(6)(C) of the Act, I will be liable for such costs.

**VII. Additional Agreements.** The proceeds of this loan will be sent to the school listed on my Application and be used only for education expenses. Any notice required to be given to me will be effective when mailed by first class mail to the latest address you have for me. Your failure to enforce or insist that I comply with any term of this Note is not a waiver of your rights. No provisions of this Note can be waived or modified except in writing. If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my Creditor will have all the rights of the original Lender to enforce this Note against me. I understand that I must repay this Note even though I may be under 18 years of age. This Note is not effective until it is accepted by you. If the Borrower becomes totally and permanently disabled, or dies, his or her obligation to repay this loan will be cancelled. I agree to notify you of a change in my name, address or any applicable school enrollment status within 10 days. I have not made any false written statement with regard to the loan. If any provision of this Note is determined to be unenforceable or is prohibited by law, such provision shall be considered ineffective without invalidating the remaining provisions of this Note.

**VIII. Deferment.** I am entitled to deferments under the Act, and its regulations. In order to receive a deferment, I must request the deferment and provide you with all documentation required to establish my eligibility. I understand that I must notify you when the condition entitling me to the deferment no longer exists. My eligibility for a deferment will be determined by the information provided in the Application Booklet or as amended by federal law.

**IX. Repayment.** I will repay the total amount due on this Promissory Note in periodic installments, with interest on the unpaid balance from the due date of the Promissory Note until the loan is paid in full, unless the whole loan is due as described in Default, Paragraph V.

I will repay this loan over a repayment period that generally lasts at least 5 years but no more than 10 years. However, the following exceptions to these rules apply:

1. If, during the grace period, I request a shorter repayment period you may grant me a shorter period.

2. You may require a repayment period shorter than 5 years if this is necessary to ensure that during each year of the repayment period I — or, if both my spouse and I have Stafford, PLUS or SLS Program Loans outstanding, we — pay toward principal and interest at least $600 or the unpaid balance of all such loans (plus interest), whichever is less.

3. If I qualify for postponement of my payments during any period described under Deferment, Paragraph VIII, in the Promissory Note, or if you grant "forbearance," those periods will not be included in the 5- and 10-year periods mentioned above.

The particular terms and conditions of repayment that apply to this loan will be set forth in a ... will provide to me. normally ... grant me a forbearance for other loans reflected on my quency which persists even rance is granted in either of

... alty, prepay all or any part of c. I will be entitled to a rebate

... and understand the Credit ion section of this Application

The undersigned does hereby sell, assign, transfer and set over unto the Michigan Higher Education Assistance Authority its interest in this ... e, E...Serv Technologies, i... authorized agent of:

MICHIGAN DIREC... LOAN PROGRAM

By _Meady A. Hatfield_
Assistant Vice-President

## BORROWER CE[RTIFICATION]

I declare under penalty of perjury ... following is true and correct. The ...
and correct to the best of my knowledge and belief and is made in good fa... I hereby authorize the school described in Section II to pay to the Lender any refund which may be due to me up to the amount of this loan. I hereby authorize any school which I may attend to release to the Lender, subsequent Holder, Guarantor, U.S Department of Education, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, current address). The proceeds of any loan made as a result of this Application will be used for education expenses for the loan period covered by this Application and at the school described in Section II. I understand I must immediately repay any funds I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that school for the loan period covered by this Application. The total amount of loans I receive under the Stafford Loan Program, Title IV, Part B of the Higher Education Act of 1965, as amended, will not exceed the allowable maximums. I am not now in default on a Perkins Loan

... PLUS/SLS Loan, an Income ... rwise indicated on this Appli- ... Pell Grant, Byrd Scholarship, Supplemental Grant or State Student Incentive Grant. I authorize my Lender to issue a check covering the proceeds of my loan, in full or in part, made payable to me, or at the Lender's option jointly payable to me and the school, and sent to the school.

I understand I will receive a Notice of Loan Guarantee and Disclosure Statement which identifies my loan amount (as determined by the Lender), the fee amounts, disbursement dates, grace period, interest rate and late charges. I understand and agree if the information on the Notice of Loan Guarantee and Disclosure Statement conflicts with the information on the Application and Promissory Note, the information on the Notice of Loan Guarantee and Disclosure Statement is controlling.

## +DEPARTMENT OF EDUCATION
## SAN FRANCISCO, CALIFORNIA

### CERTIFICATE OF INDEBTEDNESS

>Dionne Waller
>Dionne W. Waller
>18592 Orleans
>Detroit, MI 48203
>SSN ▇▇▇▇723

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 3-26-99.

On or about 2-1-92, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Michigan Direct Student Loan, Lansing, MI at 8 percent interest per annum. This loan obligation was guaranteed by Michigan Higher Education Assistance Authority, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 1-31-93, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,625.00 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 4-7-97, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 2,792.99 |
| Interest: | $ 519.66 |
| Administrative/Collection Costs: | $ .01 |
| Late fees: | $ .00 |
| Total debt as of 3-26-99: | $ 3,312.66 |

Interest accrues on the principal shown here at the rate of $.61 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 4/14/99        Name: _____
                            Title: Loan Analyst
                            Branch: Litigation

**EXHIBIT B**